# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ANDRE SMALLS, | ) | |
|     Plaintiff, | ) | CIVIL ACTION |
| v. | ) | |
| | ) | Case No.: 17-2887 |
| P/O EDGAR VAZQUEZ, | ) | |
|     Defendant. | ) | |

## PRETRIAL MEMORANDUM ON BEHALF OF PLAINTIFF ANDRE SMALLS

Plaintiff Andre Smalls, through *pro bono* counsel, respectfully submits this Pretrial Memorandum pursuant to the Court's May 30, 2019 Scheduling Order and Local Rule of Civil Procedure 16.1(c). This case is scheduled for a jury trial beginning on September 30, 2019, which Plaintiff Smalls anticipates will take approximately three days.

**I.  Nature of the Action and Jurisdiction**

In this civil rights action brought pursuant to 42 U.S.C. § 1983, Plaintiff Smalls asserts a claim against Philadelphia Police Officer Edgar Vazquez for violation of Mr. Smalls' Fourth and Fourteenth Amendment rights by conducting an unreasonable and excessive search of Mr. Smalls' person during the course of an arrest in Philadelphia, Pennsylvania on June 28, 2016. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331 & 1343.

**II.  Plaintiff's Statement of Facts**

This case concerns a violation of Plaintiff Andre Smalls' rights under the Fourth and Fourteenth Amendments of the United States Constitution. Defendant Edgar Vazquez engaged in

the unreasonable and excessive search of Mr. Smalls' person by pulling down Mr. Smalls' pants and then caressing and grabbing Mr. Smalls' genitals in the open on a public street.

On June 28, 2016, at approximately 7:00 P.M., Mr. Smalls walked into the Terminal Deli at 4705 Frankford Avenue, Philadelphia, Pennsylvania. When Mr. Smalls entered the store, another individual, Tyrik Johnson, was asking the cashier for change. When the cashier refused, Mr. Smalls offered to make change and pulled money out of his pocket. Shortly after, Police Officer Luis Cordero entered the store, pushed Mr. Smalls and Mr. Johnson up against the wall, and patted both down. Officer Cordero found marijuana in Mr. Smalls' pants pocket, which he admitted was for personal use.[1]

Mr. Smalls was then handcuffed and placed in the back of a police car by Officer Cordero and his partner, Defendant Police Officer Edgar Vazquez. After several minutes, Mr. Smalls was removed from the back of the vehicle by Defendant Vazquez who then proceeded to conduct a second search, which uncovered no additional contraband. At this time, Mr. Smalls informed the officers that his sister's unlocked car was parked around the corner, and requested to call his sister so that she could secure the vehicle. Officer Cordero refused and, instead, proceeded to take Mr. Smalls' keys and left the scene, claiming to try to locate the car so that he could lock it. Shortly after, a police van arrived, driven by Police Officers Sean McLaughlin and Xuong Tran, and Mr. Smalls and Mr. Johnson were placed in the back of the police van.

Several minutes later, Defendant Vazquez opened the doors to the police van, pulled Mr. Smalls out into the street, and commenced a third search of his person. Defendant Vazquez

---

[1] The officers claim to have observed Mr. Smalls selling marijuana inside the Terminal Deli while driving past the store. However, the charge against Mr. Smalls for possession with intent to deliver was dropped.

2

proceeded to pull down Mr. Smalls' pants to his knees, exposing him to the public in only his underwear, and began to grope and caress Mr. Smalls' genitals over his underwear. Still handcuffed, Mr. Smalls was in shock and broke down crying. Defendant Vazquez then pulled Mr. Smalls' pants up and placed him back in the police van. Mr. Smalls subsequently filed a departmental complaint with Internal Affairs and filed this suit.

## III. Identity of Witnesses

Plaintiff Smalls anticipates that he may call the following witnesses at trial:

1. **Andre Smalls.:** Plaintiff Smalls will testify regarding (1) the events stated above including when Defendant violated his constitutional rights and (2) the harm he sustained as a result.

2. **Defendant Police Officer Edgar Vazquez:** Defendant Vazquez may be called to testify regarding the events at issue in this case and his violation of Mr. Smalls' constitutional rights.

3. **Police Officer Luis Cordero:** Officer Cordero may be called to testify regarding his recollection of the events at issue in this case, during which he was an active participant.

4. **Police Officer Sean McLaughlin:** Officer McLaughlin may be called to testify regarding his recollection of the events at issue in this case, during which he was an active participant.

5. **Police Officer Xuong Tran:** Officer Tran may be called to testify regarding his recollection of the events at issue in this case, during which he was an active participant.

Plaintiff Smalls does not expect to call any expert witness at trial.

**IV.**     **Exhibits to be Used at Trial**

Plaintiff may offer the following documents as exhibits. Plaintiff reserves the right to amend or supplement this list, and Plaintiff will submit a schedule of exhibits and copies of the exhibits to the Court by September 23. Plaintiff reserves the right to use as an exhibit at trial any exhibit identified by Defendant in his Pretrial Memorandum, as well as any other documents for rebuttal and impeachment. By listing these exhibits, Plaintiff does not waive any objections as to the admissibility of any exhibit. Further, Plaintiff reserves the right to rely upon any demonstrative exhibits and/or enlargements or productions of any of the below-listed exhibits.

1. Complaint of Andre Smalls, IAD #16-406, August 18, 2016;
2. Memorandum regarding Complaint of Andre Smalls, IAD #16-406, October 11, 2016;
3. Statement of P/O Edgar Vazquez, #4782, September 29, 2016;
4. Statement of P/O Luis Cordero #2634, September 29, 2016;
5. Statement of P/O Sean McLaughlin #3202, September 28, 2016;
6. Statement of P/O Xuong Tran #7473, September 28, 2016;
7. Philadelphia Police Department, Vehicle/Pedestrian Investigation Report, June 28, 2016;
8. Patrol Activity Log, June 28, 2016;
9. Investigation Interview Record, June 28, 2016;
10. Philadelphia Police Department Arrest Report, Andre Smalls; June 28, 2016;
11. Text Message Exchange Between Edgar Vazquez and Luis Cordero, April 16, 2018;
12. Transcript of Deposition of Edgar Vazquez, April 16, 2018;

13. Transcript of Deposition of Sean McLaughlin, April 16, 2018;

14. Transcript of Deposition of Luis Cordero, April 19, 2018;

15. Transcript of Deposition of Xuong Tran, April 19, 2018; and

16. Transcript of Deposition of Andre Smalls, May 3, 2018.

V.   **Damages Claimed**

Mr. Smalls seeks monetary relief for pain and suffering as a result of the significant and ongoing mental anguish he continues to experience after the objectively unreasonable search conducted by Defendant Vazquez in violation of his constitutional rights. Mr. Smalls also seeks punitive damages as a result of the humiliating and outrageous act of pulling down Mr. Smalls' pants and grabbing his genitals in public. Mr. Smalls also seeks reasonable attorneys' fees and costs under 42 U.S.C. § 1988 and such other relief as this Court deems just.

VI.  **Stipulations**

Plaintiff's counsel intends to continue working toward reaching stipulations where possible and will submit these stipulations to the Court. At this time, the parties have not agreed to stipulations.

VII. **Motions in Limine and Objections to the Admissibility of Evidence**

Plaintiff anticipates that he may submit motions *in limine* by August 16 to exclude certain evidence which Defendant may seek to offer, including: (i) evidence of Plaintiff's criminal history, including the underlying criminal act leading to his detention on June 28, 2016; (ii) evidence of Plaintiff's mental health condition prior to Defendant Vazquez's caressing and grabbing his genitals on June 28, 2016; and (iii) Plaintiff's history of drug use. Notwithstanding the decision to submit those motions, Plaintiff reserves his right to object to the admissibility of the foregoing at trial on Rule 401 relevance, Rule 403 prejudice, and Rule 404 character evidence

grounds.

Dated: August 5, 2019                                  Respectfully submitted,

                                                                    /s/ *Rory Gledhill*
Stephen D. Brown (PA ID No. 27829)
Rory Gledhill (PA ID No. 324124)
Michael A. Fazio (PA ID No. 324191)
**DECHERT LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

*Attorneys for Plaintiff Andre Smalls*

## **CERTIFICATE OF SERVICE**

I, Rory Gledhill, hereby certify that on this date, the foregoing was electronically filed via the Court's CM/ECF filing system and is available thereon for viewing and downloading.

Dated: August 5, 2019             /s/ *Rory Gledhill*
                                  Rory Gledhill